S01A0155. STUBBINS v. THE STATE.
(542 SE2d 506)

FLETCHER, Presiding Justice.

Charlie Frank Stubbins was convicted of malice murder and armed robbery in connection with the shooting death of Labage Bojang and aggravated assault of William Asante.[1] He contends that the trial court should have granted his motion to suppress the arrest warrant and motion in limine to exclude evidence that he possessed a gun. Because the trial court did not err in its evidentiary rulings, we affirm.

1. The evidence presented at trial shows that Stubbins and Michael Blackmon asked Bojang and Asante for a ride home after a nightclub closed.[2] Blackmon and Stubbins were getting out of Bojang's BMW when Blackmon asked Bojang for money. When Bojang responded that they did not have any money, he was shot. Asante got out of the car and asked what was going on. He heard another gunshot, began running away, and heard several more gunshots fired behind him. He had been shot three times in his legs and grazed by a fourth bullet. After the car left, he crawled to the nearest trailer for help. Police found Bojang dead in the ditch from four gunshot wounds to his chest and abdomen. The abandoned BMW was found the next day. Eight shell casings were found near Bojang, in the roadway, and in the car. A firearms examiner testified that seven of the eight shell casings and the four bullets recovered from Bojang's body were fired from a nine-millimeter semi-automatic handgun that was found in a trailer under a couch where Stubbins slept on the morning of the shooting. Various witnesses saw Stubbins with a gun both before and after the shooting, although the testimony was conflicting about whether it was black or chrome. In his statement to police, Stubbins denied shooting a gun during the robbery and said that Blackmon used a black, nine-millimeter gun. After reviewing the evidence in the light most favorable to the jury's determination of

---

[1] The shootings occurred on November 4, 1995. Stubbins was indicted on November 6, 1995. A jury found him guilty and the trial court sentenced him to two consecutive life sentences on May 13, 1998. Stubbins filed a motion for a new trial on May 18, 1998, which the trial court denied on February 18, 2000. Stubbins filed a notice of appeal on February 21, 2000. The case was docketed in the clerk's office on October 12, 2000, and submitted for decision without oral arguments on December 4, 2000.

[2] See *Blackmon v. State*, 272 Ga. 858 (536 SE2d 148) (2000).

guilt, we conclude that a rational trier of fact could have found Stubbins guilty of the crimes charged.[3]

2. The trial court properly denied Stubbins' motion to suppress the arrest warrant.[4] A magistrate issued the warrant after reviewing a written affidavit and hearing testimony of the investigating officer. The officer testified about information learned in interviews with the surviving victim and several witnesses who observed Stubbins and Blackmon drive away from the nightclub with the victims in Bojang's car. Based on this evidence, we conclude that the officer presented the issuing magistrate with sufficient information to support the magistrate's independent finding that probable cause existed for the issuance of the warrant.

3. Finally, the trial court did not abuse its discretion in allowing relevant testimony that Stubbins was seen with a gun other than the murder weapon on the day before and the morning of the shooting.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001.

*Benson, Phillips & Hoffman, Herbert W. Benson, Jason K. Hoffman,* for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.

---

[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *Devier v. State,* 253 Ga. 604 (323 SE2d 150) (1984).